■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME PELAEZ, Appellant. [954 NYS2d 554]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 16, 2009, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Burton*, 93 AD3d 949 [2012]; *People v Grant*, 83 AD3d 862 [2011]; *People v Monsuri*, 83 AD3d 870 [2011]). The Supreme Court's statements at the plea allocution suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish, and the Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (*see People v Bradshaw*, 76 AD3d 566, 569-570 [2010], *affd* 18 NY3d 257 [2011]). Moreover, there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights which are forfeited incident to a plea of guilty (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Remington*, 90 AD3d 678, 679 [2011]; *People v Cieslewicz*, 45 AD3d 1344, 1345 [2007]; *cf. People v Williams*, 49 AD3d 1281, 1282 [2008]). Although the defendant did sign a written waiver of his right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Spanish language interpreter, before it was presented to him for signature. In any event, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right" (*People v Bradshaw*, 76 AD3d at 569). Accordingly, the defendant's waiver of the right to appeal is invalid, and does not bar review of the defendant's claims. We further note that the Supreme Court's explanation of the waiver of the defendant's right to appeal misstated the law by stating that it applied to issues that are not encompassed by an appeal waiver. The Supreme Court thereby effectively indicated, incorrectly, that the appeal waiver would preclude the defendant from seeking to vacate his plea on the grounds that it had been unknowing or involuntary, when, in fact "a defendant always retains the right to challenge . . . the voluntariness of the plea" (*People v*

*Seaberg*, 74 NY2d 1, 10 [1989]; *see People v McLean*, 77 AD3d 684 [2010]; *People v Rodriguez-Ovalles*, 74 AD3d 1368 [2010]). Additionally, certain other claims survive a valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]). While the Supreme Court's overly broad explanation of the issues encompassed by the waiver of the right to appeal does not, standing alone, render it involuntary, that explanation is inaccurate, and should not be utilized in future cases.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Caruso*, 88 AD3d 809 [2011]; *People v Amanze*, 87 AD3d 1159 [2011]; *People v Perez*, 83 AD3d 738, 739 [2011]). Here, the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16 [1983]; *People v Tobar*, 92 AD3d 906 [2012]; *People v Jones*, 92 AD3d 696 [2012]), and his assertion that he was rushed into making his decision to enter the plea is unsupported by the record.

The defendant's additional contentions that his plea was involuntary because his attorney coerced him and lied about his potential sentencing exposure, and because the Supreme Court failed to sua sponte order a mental heath evaluation pursuant to CPL 730.30, are unpreserved for appellate review because the defendant did not move to withdraw his plea on those grounds (*see People v Hammonds*, 91 AD3d 791, 792 [2012]; *People v Bryant*, 87 AD3d 1270, 1271 [2011]; *People v Strong*, 80 AD3d 717 [2011]). In any event, these contentions are without merit. The defendant's claim that his attorney coerced him to plead guilty is not supported by the record (*see People v Dazzo*, 92 AD3d 796 [2012]; *People v Caruso*, 88 AD3d at 810; *People v Jackson*, 87 AD3d 552, 553 [2011]). Further, a defendant is presumed to be competent, and there is no basis in the record to conclude that, at the time the defendant entered his plea, he lacked the capacity to understand the proceedings against him or was unable to assist in his defense (*see People v Johnson*, 87 AD3d 1074 [2011]; *People v Batista*, 82 AD3d 1113, 1114 [2011]; *People v Shaffer*, 81 AD3d 989 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Eng, P.J., Skelos, Florio and Roman, JJ., concur.