THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS KUPERSHMIDT, Appellant. [59 NYS3d 139]—Appeal by the

defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed December 4, 2015, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (*see People v Black*, 144 AD3d 935, 935-936 [2016]; *People v Pacheco*, 138 AD3d 1035, 1036 [2016]; *People v Gordon*, 127 AD3d 1230, 1230 [2015]; *People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Bennett*, 115 AD3d 973, 973 [2014]). Nor does the record demonstrate that the defendant otherwise understood the nature of the right to appeal (*cf. People v Brown*, 122 AD3d 133, 144 [2014]). Furthermore, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (*see People v Brown*, 122 AD3d at 145; *see also People v Black*, 144 AD3d at 936; *People v Pacheco*, 138 AD3d at 1036). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Brown*, 122 AD3d 133 [2014]; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 255).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Sgroi, Cohen and Miller, JJ., concur.