Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Kron, J.), both imposed February 9, 2016, upon his pleas of guilty, on the ground that the sentences were excessive.
 

 Ordered that the sentences are affirmed.
 

 On appeal, the defendant contends that the sentences of imprisonment were excessive. The People argue that the defendant’s contentions are precluded by the defendant’s waiver of his right to appeal from the sentences.
 

 A defendant who has validly waived the right to appeal cannot invoke this Court’s interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant’s purported waivers of his right to appeal were invalid. The Supreme Court’s statements at the plea allocutions improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Guarchaj, 122 AD3d 878, 879 [2014]; People v Ayala, 112 AD3d 646, 646 [2013]; People v Pelaez, 100 AD3d 803, 803 [2012]). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his pleas of guilty (see People v Black, 144 AD3d 935, 935-936 [2016]; People v Pacheco, 138 AD3d 1035, 1036 [2016]; People v Gordon, 127 AD3d 1230, 1230 [2015]; People v Cantarero, 123 AD3d 841, 841 [2014]; People v Bennett, 115 AD3d 973, 973 [2014]). Furthermore, although the record on appeal reflects that the defendant executed written appeal waiver forms, the transcript of the plea proceedings shows that the court did not ascertain on the record whether the defendant had read the waivers or discussed them with defense counsel, or whether he was even aware of their contents (see People v Brown, 122 AD3d 133, 145 [2014]; see also People v Black, 144 AD3d at 936; People v Pacheco, 138 AD3d at 1036). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133 [2014]; see generally People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d at 255).
 

 Nevertheless, contrary to the defendant’s contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Eng, P.J., Mastro, Miller, LaSalle and Brathwaite Nelson, JJ., concur.