People v Waldon (2018 NY Slip Op 00445)





People v Waldon


2018 NY Slip Op 00445


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-02482
 (Ind. No. 2700/15)

[*1]The People of the State of New York, respondent,
v
William Waldon, appellant. Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.


Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed January 13, 2016, upon his plea of guilty, on the ground that the sentence is excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from reviewing the sentence because the defendant's purported waiver of his right to appeal was invalid. During the plea allocution, the Supreme Court incorrectly informed the defendant that "by giving up the right to appeal you will be able to challenge any legal rulings in the case, such as suppression issues or excessive sentence." Moreover, the Supreme Court's statements improperly suggested that the waiver of the right to appeal was mandatory rather than a right that the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Pelaez, 100 AD3d 803, 803). In addition, the record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Santeramo, 153 AD3d at 1286-1287; People v Pacheco, 138 AD3d 1035, 1036). Furthermore, the court misstated the law by informing the defendant, in effect, that the appeal waiver would preclude him from challenging the voluntariness of his plea (see People v Seaberg, 74 NY2d 1, 10; People v Pelaez, 100 AD3d at 803-804).
Although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceedings shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Callahan, 80 NY2d 273, 283; People v Santeramo, 153 AD3d at 1287; People v Pacheco, 138 AD3d at 1036; People v Brown, 122 AD3d 133, 145). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bradshaw, [*2]18 NY3d 257, 264-267; People v Lopez, 6 NY3d at 255).
Nevertheless, the sentence imposed is not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court