People v Daniels (2018 NY Slip Op 02801)





People v Daniels


2018 NY Slip Op 02801


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-04085
 (Ind. No. 1342/14)

[*1]The People of the State of New York, respondent,
v Steven Daniels, appellant.


Paul Skip Laisure, New York, NY (Anna Kou and Melissa Horlick of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Anastasia Spanakos, and Hannah Collins of counsel; Max Lubin on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered September 24, 2015, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257; People v Brown, 122 AD3d 133). The Supreme Court's statements improperly suggested that the waiver of the right to appeal was mandatory, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Pelaez, 100 AD3d 803, 803). The record also does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Santeramo, 153 AD3d at 1286-1287; People v Pacheco, 138 AD3d 1035, 1036).
Moreover, although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceedings shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Callahan, 80 NY2d 273, 283; People v Santeramo, 153 AD3d at 1287; People v Pacheco, 138 AD3d at 1036; People v Brown, 122 AD3d at 145).
Since the defendant's waiver of the right to appeal was invalid, this Court has reviewed the defendant's contention that the Supreme Court improvidently exercised its discretion in denying him youthful offender status (see People v Hesterbey, 121 AD3d 1127, 1128; cf. People v Nye, 299 AD2d 371, 372).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d at 1128 [internal quotation marks omitted]; see People v [*2]Rudolph, 21 NY3d 497, 500; People v Beer, 146 AD3d 895, 897). The defendant failed to comply with the conditions of his plea agreement, inter alia, by failing to appear at sentencing and by being rearrested. Despite then receiving an additional opportunity to be sentenced as a juvenile offender, the defendant absconded from the jurisdiction. Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying him youthful offender status (see CPL 720.20[1]; People v Cameron, 107 AD3d 733, 733; People v Kinloch, 7 AD3d 734, 735).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court