People v Dixon (2018 NY Slip Op 05485)





People v Dixon


2018 NY Slip Op 05485


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-10644

[*1]The People of the State of New York, respondent,
v
Steven Dixon, appellant. (S.C.I. No. 951/15)


The Legal Aid Society, New York, NY (Laura Boyd of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Christopher J. Blira-Koessler of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Queens County (Douglas Wong, J.), imposed September 6, 2016, revoking a sentence of probation previously imposed by the same court (John Zoll, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a forged instrument in the second degree on the ground that the amended sentence was excessive.
ORDERED that the amended sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the Supreme Court's limited colloquy did not ensure that the defendant understood the distinction of the right to appeal from the other rights automatically forfeited upon entering a plea of guilty (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 137; People v Johnson, 109 AD3d 1004). Moreover, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether the defendant was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances here, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the waiver does not preclude review of this excessive sentence claim (see People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133). However, the amended sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court