People v Wilson (2018 NY Slip Op 05786)





People v Wilson


2018 NY Slip Op 05786


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-05669
 (Ind. No. 8848/14)

[*1]The People of the State of New York, respondent,
v
Keith Wilson, appellant.


The Legal Aid Society, New York, NY (Adrienne Gantt of counsel; Susan Levinson on the memorandum), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed April 26, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the nature of the right he was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Brown, 122 AD3d 133, 137-138, 141). Moreover, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., MASTRO, ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court