People v Keishawn W. (2018 NY Slip Op 05785)





People v Keishawn W.


2018 NY Slip Op 05785


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-01006
2017-01007
2017-01008
2017-01009

[*1]The People of the State of New York, respondent,
v
Keishawn W. (Anonymous), appellant. (Ind. Nos. 4992/15, 8352/15, 8763/15, 9135/15)


Paul Skip Laisure, New York, NY (Nao Terri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Masha Simonova on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from four sentences of the Supreme Court, Kings County (Martin P. Murphy, J.), all imposed February 3, 2016, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant, who was 16 years old at the time he entered into the subject plea agreements, and who did not have any prior experience with the criminal justice system, understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Guniss, 160 AD3d 895; People v Johnson, 157 AD3d 964, 965; People v Kupershmidt, 152 AD3d 797, 798). Moreover, the Supreme Court failed to establish on the record that the defendant read and understood the written waiver, or discussed the waiver with his counsel (see People v Johnson, 157 AD3d at 965). Consequently, the purported waiver of the defendant's right to appeal is not enforceable (see People v Guniss, 160 AD3d at 895; People v Johnson, 157 AD3d at 965).
Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court