People v Robinson (2018 NY Slip Op 05946)





People v Robinson


2018 NY Slip Op 05946


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-04670
 (Ind. No. 6011/14)

[*1]The People of the State of New York, respondent,
v
Shavon Robinson, appellant.


The Legal Aid Society, New York, NY (Adrienne M. Gantt of counsel; Eliza McDuffie on the memorandum), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Matthew D'Emic, J.), imposed March 30, 2016, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of her right to appeal was invalid. The record does not demonstrate that the defendant understood the nature of the right she was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Brown, 122 AD3d 133, 137-138, 141). Moreover, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether she was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive her right to appeal (see People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., BALKIN, SGROI, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court