People v Yancy (2018 NY Slip Op 06577)





People v Yancy


2018 NY Slip Op 06577


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-11225
 (Ind. No. 1361/16)

[*1]The People of the State of New York, respondent,
v
Natasha Yancy, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Jonathan Popolow of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from an amended sentence of the Supreme Court, Queens County (Douglas Wong, J.), rendered March 17, 2017, revoking a sentence of probation previously imposed by the same court (Barry Kron, J.), upon a finding that she violated conditions thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of attempted robbery in the second degree (two counts), on the ground that the amended sentence was excessive.
ORDERED that the amended sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Bradshaw, 18 NY3d 257, 264-267; People v Lopez, 6 NY3d 248, 255; People v Brown, 122 AD3d 133). The Supreme Court's colloquy improperly suggested that waiving the right to appeal was mandatory, rather than a right that the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving her right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Pelaez, 100 AD3d 803, 803). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to her plea of guilty (see People v Santeramo, 153 AD3d at 1286-1287; People v Pacheco, 138 AD3d 1035, 1036). Further, the court misstated the law by informing the defendant, in effect, that the appeal waiver would preclude her from challenging the voluntariness of her plea (see People v Seaberg, 74 NY2d 1, 10; People v Pelaez, 100 AD3d at 803-804).
Although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceedings shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Brown, 122 AD3d at 145; see also People v Santeramo, 153 AD3d at 1287; People v Pacheco, 138 AD3d at 1036). Thus, the purported appeal waiver does not preclude appellate review of the defendant's contention that the amended sentence was excessive.
Nevertheless, the amended sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court