People v Bratton (2018 NY Slip Op 06554)





People v Bratton


2018 NY Slip Op 06554


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-05431

[*1]The People of the State of New York, respondent,
v
Marc Bratton, appellant. (S.C.I. No. 284/17)


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed March 21, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
"A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255). Under the circumstances of this case, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Sanders, 162 AD3d 690). The record does not demonstrate that the defendant understood the distinction between the right to appeal he was asked to forfeit as a condition of the plea agreement and other trial rights he automatically forfeited upon his plea of guilty (see People v Medina, 161 AD3d 778, 779; People v Santeramo, 153 AD3d 1286, 1286-1287). Further, although the defendant allegedly signed a written waiver of his right to appeal, the written waiver is not included in the record. Moreover, the Supreme Court did not ascertain on the record whether the defendant read the written waiver or was aware of its contents (see People v Medina, 161 AD3d at 779; People v Brown, 122 AD3d 133, 145). Since the defendant's purported waiver of his right to appeal was invalid, this Court is not precluded from reviewing the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court