People v Posy (2018 NY Slip Op 07153)





People v Posy


2018 NY Slip Op 07153


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2014-09148
 (Ind. No. 2579/13)

[*1]The People of the State of New York, respondent,
v
Gregory Posy, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel) for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni Piplani of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Ira H. Margulis, J.), imposed September 17, 2014, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's colloquy improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (see People v Santeramo, 153 AD3d 1286). Moreover, there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849; People v Alston, 163 AD3d 843; People v Ayala, 112 AD3d 646; cf. People v Sanders, 25 NY3d 337, 339-340). Although the record reflects that the defendant executed a written appeal waiver form, the court did not ascertain on the record whether the defendant had read the waiver, or whether he was aware of its contents (see People v Brown, 122 AD3d 133, 145; see also People v Santeramo, 153 AD3d at 1286). Under these circumstances, the defendant's purported waiver of his right to appeal was invalid and does not preclude review of his excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court