People v Blodywon (2018 NY Slip Op 08320)





People v Blodywon


2018 NY Slip Op 08320


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-06925
2016-06926

[*1]The People of the State of New York, respondent,
v
Zhordrack F. Blodywon, appellant. (Ind. Nos. 2034/14, 2284/14)


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Richard L. Buchter, J.), both imposed May 3, 2016, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's colloquy improperly suggested that waiving the right to appeal was mandatory, rather than a right which the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Guarchaj, 122 AD3d 878, 879). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849; People v Santeramo, 153 AD3d at 1286). Furthermore, although the defendant executed a written waiver of his right to appeal, the waiver was not provided with the defendant's motion. Under these circumstances, and given the defendant's limited experience with the criminal justice system, coupled with his mental health history, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265; People v Diasia F., 164 AD3d 913, 914; People v Hong Mo Lin, 163 AD3d at 850).
Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court