People v Chevoy (2018 NY Slip Op 08496)





People v Chevoy


2018 NY Slip Op 08496


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-11525
 (Ind. No. 10766/11)

[*1]The People of the State of New York, respondent,
v
Nelson Chevoy, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael L. Brenner of counsel; Kyle Knox on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Neil Jon Firetog, J.), imposed July 31, 2015, upon his plea of guilty, on the ground that the sentence imposed was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, due to the Supreme Court's limited colloquy which did not ensure that the defendant understood the distinction of the right to appeal from the other rights automatically forfeited upon entering a plea of guilty (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 137; People v Johnson, 109 AD3d 1004). Moreover, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waiver, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances of this case, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the purported waiver does not preclude review of his excessive sentence claim (see People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d at 146). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court