People v Pagan (2019 NY Slip Op 00905)





People v Pagan


2019 NY Slip Op 00905


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-08452
 (Ind. No. 7172/14)

[*1]The People of the State of New York, respondent,
v David Pagan, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed April 21, 2016, upon his plea of guilty, on the ground that the period of postrelease supervision imposed as part of the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim. The Supreme Court's limited colloquy did not ensure that the defendant understood the nature of the right to appeal or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Lopez, 6 NY3d 248; People v Brown, 122 AD3d 133, 137-138, 141). Moreover, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances here, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133).
Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed as part of the sentence was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court