People v Sanders (2019 NY Slip Op 02564)





People v Sanders


2019 NY Slip Op 02564


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12413
 (Ind. No. 2710/16)

[*1]The People of the State of New York, respondent,
v
Gary Sanders, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed September 28, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-267; People v Lopez, 6 NY3d 248, 255; People v Brown, 122 AD3d 133). The Supreme Court's colloquy improperly suggested that waiving the right to appeal was mandatory, rather than a right that the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Pelaez, 100 AD3d 803, 803). Moreover, the court misstated the law by informing the defendant, in effect, that the appeal waiver would preclude him from challenging the voluntariness of his plea (see People v Seaberg, 74 NY2d 1, 10; People v Pelaez, 100 AD3d at 803-804).
Although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Brown, 122 AD3d at 145; see also People v Santeramo, 153 AD3d at 1287). Thus, the purported appeal waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive (see People v Yancy, 165 AD3d 711; People v James, 164 AD3d 1363; People v Rosa-Cruz, 159 AD3d 837).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court