People v Fontanez (2019 NY Slip Op 02547)





People v Fontanez


2019 NY Slip Op 02547


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-13243
 (Ind. No. 1531/17)

[*1]The People of the State of New York, respondent,
v
Miguel Fontanez, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed November 29, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257). Although the Supreme Court correctly described the defendant as waiving the right to appeal "in consideration" for "this disposition," other statements made by the court at the plea allocution improperly suggested that the waiver of the right to appeal was mandatory rather than a right that the defendant was being asked to voluntarily relinquish (see People v Waldon, 157 AD3d 913, 913; People v Santeramo, 153 AD3d 1286, 1286; People v Pelaez, 100 AD3d 803, 803). The court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Rodriguez, 167 AD3d 662; People v Waldon, 157 AD3d at 913; People v Santeramo, 153 AD3d at 1286). The record also does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Rodriguez, 167 AD3d 662; People v Rivas, 166 AD3d 1019, 1020; People v Waldon, 157 AD3d at 913-914). The court also misstated the law by informing the defendant, in effect, that the appeal waiver would preclude him from challenging the voluntariness of his plea (see People v Seaberg, 74 NY2d 1, 10; People v Waldon, 157 AD3d at 914; People v Pelaez, 100 AD3d at 803-804).
Moreover, although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Callahan, 80 NY2d 273, 283; People v Waldon, 157 AD3d at 914; People v Brown, 122 AD3d 133, 145). Thus, the defendant's purported waiver of his right to appeal does not preclude appellate review of his contention that the sentence imposed was [*2]excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court