People v Diaz (2019 NY Slip Op 02544)





People v Diaz


2019 NY Slip Op 02544


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11019
 (Ind. No. 1318/17)

[*1]The People of the State of New York, respondent,
v
Tara Diaz, appellant.


Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Peter Vallone, J.), imposed July 26, 2017, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of her right to appeal was invalid. The Supreme Court's colloquy improperly suggested that waiving the right to appeal was mandatory, rather than a right the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving her right to appeal (see People v Santeramo, 153 AD3d 1286, 1286; People v Guarchaj, 122 AD3d 878, 879). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849; People v Santeramo, 153 AD3d at 1286). Furthermore, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether she was even aware of its content (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d 1286; People v Cambridge, 145 AD3d 795, 795-796). Under these circumstances, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive her right to appeal (see People v Bradshaw, 18 NY3d at 264-267; People v Lopez, 6 NY3d 248, 256-257; People v Pierre, 165 AD3d 1175, 1175).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court