People v Pointdujour (2019 NY Slip Op 02725)





People v Pointdujour


2019 NY Slip Op 02725


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-12170
 (Ind. No. 1214/15)

[*1]The People of the State of New York, respondent,
v
Jason Pointdujour, appellant.


Paul Skip Laisure, New York, NY (Michael Anthus of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Queens County (Deborah Stevens-Modica, J., at plea and sentence; Douglas Wong, J., at resentence), imposed October 27, 2016, on the ground that the resentence was excessive.
ORDERED that the resentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849; People v Santeramo, 153 AD3d 1286, 1286). Moreover, the Supreme Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790). Further, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the waiver or whether he was even aware of its content (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d at 1287; People v Cambridge, 145 AD3d 795, 795-796). Finally, the court "never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal" (People v Santeramo, 153 AD3d at 1286). Accordingly, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Dixon, 163 AD3d 988, 989; People v Brown, 122 AD3d 133).
Nevertheless, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court