People v Ryerson (2019 NY Slip Op 03627)





People v Ryerson


2019 NY Slip Op 03627


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-10029

[*1]The People of the State of New York, respondent,
v
Timothy S. Ryerson, appellant. (S.C.I. No. 16-312)


Anthony N. Iannarelli, Jr., New York, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Nicholas DeRosa, J.), imposed December 15, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849; People v Santeramo, 153 AD3d 1286, 1286). Moreover, the County Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790). Further, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the written waiver or whether he was even aware of its contents (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d at 1287; People v Cambridge, 145 AD3d 795, 795-796). Accordingly, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Dixon, 163 AD3d 988, 989; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Lopez, 6 NY3d 248).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court