People v Israel (2019 NY Slip Op 04200)





People v Israel


2019 NY Slip Op 04200


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-00352
 (Ind. No. 1027/16)

[*1]The People of the State of New York, respondent,
v
Manuel Israel, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Danny K. Chun, J.), imposed November 9, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving that right (see People v Moncrieft, 168 AD3d 982, 984; People v Batista, 167 AD3d 69, 76; People v Brown, 122 AD3d 133, 142). Furthermore, although the record on appeal reflects that the defendant executed written appeal waiver forms, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the waivers or discussed them with defense counsel, or whether he was even aware of their contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 139). Therefore, the defendant's purported appeal waiver does not preclude appellate review of his contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court