People v Tallegrand (2019 NY Slip Op 08228)





People v Tallegrand


2019 NY Slip Op 08228


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-06310
 (Ind. No. 15-00723)

[*1]The People of the State of New York, respondent,
v
Terrance Tallegrand, appellant.


Joseph J. Artrip, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J., at plea; Craig Stephen Brown, J., at sentence), rendered February 7, 2017, convicting him of criminal mischief in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Ryerson, 172 AD3d 909, 909; People v Santeramo, 153 AD3d 1286, 1286-1287). Moreover, the County Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (cf. People v Brown, 122 AD3d 133, 144). Further, although the record on appeal reflects that the defendant signed a written appeal waiver form, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the written waiver or whether he was even aware of its contents (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d at 1287; People v Brown, 122 AD3d at 145). Accordingly, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255; People v Brown, 122 AD3d 133). Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant contends that counsel who represented him during the plea proceedings was ineffective for failing to move for a competency examination pursuant to CPL 730.30. By pleading guilty, the defendant forfeited appellate review of any claims of ineffective assistance of counsel that do not directly involve the plea negotiation process and sentence (see People v McTerrell, 174 AD3d 648; People v Worthy, 138 AD3d 1042, 1042). To the extent that the defendant's contention relates to alleged ineffective assistance that directly involves the plea negotiation process and sentence, it is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People [*2]v Maxwell, 89 AD3d 1109, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1109).
To the extent that the defendant contends that, due to the ineffective assistance of counsel, his plea was not knowing, intelligent, and voluntary, that contention would survive even a valid waiver of the right to appeal (see People v Elcine, 43 AD3d 1176, 1177; People v Mabry, 27 AD3d 835). However, the defendant's contention is without merit, as the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Marcinak, 69 AD3d 654, 655).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court