■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN JIMENEZ, Appellant. [763 NYS2d 751] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered April 17, 2000, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously modified, on the law and the

facts, the sentence vacated, and the matter remanded to the Supreme Court for the exercise of its discretion either to place the defendant in an appropriate drug treatment facility or to permit defendant to withdraw his plea.

In exchange for his guilty plea to one count of attempted criminal sale of a controlled substance in the third degree, defendant was required to complete a drug treatment program. It was promised that if defendant completed the program, his case would be dismissed. He was also cautioned by the court that his failure to complete the program successfully would result in an indeterminate sentence of from 3 to 6 years. Defendant has numerous medical problems including depression, panic disorders and epilepsy, for which he takes prescription medications. Because of his medical problems, defendant failed to complete the program and was discharged. Relying upon a letter from one of the drug treatment program's directors, the court noted that defendant's required therapy was beyond the program's capabilities, but sentenced defendant to 3 to 6 years. This was error.

Implied within the agreement to place a defendant in a drug treatment program as an alternative to prison is the defendant's promise that he will satisfactorily complete the program, but here defendant was unable to do so because of his medical condition, which the drug treatment program was unable to manage. At sentencing, defendant requested leniency. This request should have been considered, and the defendant placed in a treatment program with the capacity to meet his medical condition. If no suitable program were available, defendant should have been given the opportunity to withdraw his plea.

Accordingly, we remand to the Supreme Court to exercise its discretion to either place the defendant in an appropriate facility or to afford him the opportunity to withdraw his plea. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.