■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN FELICIANO, Appellant. [787 NYS2d 281]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered March 7, 2002, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing her to an indeterminate term of 4½ to 9 years, unanimously modified, on the law and the facts, the sentence vacated, and the matter remanded to Supreme Court for the exercise of its discretion either to place defendant in an appropriate drug treatment facility or to permit her to withdraw her plea, and otherwise affirmed.

In exchange for her guilty plea to criminal sale of a controlled substance in the third degree, defendant was required to complete a designated drug treatment program. Defendant was promised that if she completed the 12- to 18-month program, she would be permitted to withdraw her plea and plead to a class A misdemeanor for which she would be sentenced to time served. She also was warned that if she did not complete the program, she would be sentenced to an indeterminate term of 4½ to 9 years.

Defendant suffers from numerous health problems, including HIV, asthma, recurrent major depressive disorder, disorders related to opiate withdrawal, and anxiety, for which she has been prescribed various medications. Defendant entered the outpatient Center for Community Alternatives Crossroads Program in early April 2001. She left the program seven months later, having been advised by Crossroads that it was not able to provide her with the "intense" medical supervision she required and that her "extensive medical issues" would be better addressed at a hospital-based residential program. She was also informed that Crossroads would find an appropriate program for her.

Shortly thereafter, a bench warrant was issued on the ground that defendant had absconded from Crossroads, and defendant was involuntarily returned to court on the warrant. On January 17, 2002, a Crossroads case manager confirmed for the court that Crossroads was not prepared to address defendant's medical issues and that defendant had stopped attending the program after being so advised. She also told the court that defendant had gone looking for an alternative outpatient program on her own. Defense counsel suggested that defendant may not have left Crossroads voluntarily, in view of the program's inability to adequately address her medical needs and her own search for an alternative program, and argued that before the sentence of $4^{1}/_{2}$ to 9 years could be imposed, a finding should be made that defendant intentionally left Crossroads and disobeyed the court order. The court indicated that it was receptive to giving defendant "another chance" if the prosecutor consented, but also observed that the terms of the plea agreement had been clear and that, while Crossroads and possibly defendant herself were looking for an alternative program, defendant was not relieved of her obligation to continue at Crossroads. Defendant then sought to withdraw her plea, which the court denied.

At sentencing on March 7, 2002, defense counsel requested a hearing. The court denied the request, noting again that defendant knew the consequences of not remaining in the program. The court also stated that it had attempted to persuade the prosecutor to give defendant "a second chance" but had been unsuccessful, and therefore "unfortunately" would have to abide by the plea agreement.

This Court has held that where a defendant has promised to satisfactorily complete a drug treatment program in which he or she has been placed as an alternative to prison and is unable to complete the program because of his or her medical condition, which the program is unable to manage, the defendant

should be given an opportunity to complete a program that does have the capacity to manage his or her condition (*People v Jimenez*, 307 AD2d 880 [2003]). Alternatively, if no such program is available, the defendant should be permitted to withdraw the plea in exchange for which he or she was required to complete the originally designated program (*id.*).

Here, it is undisputed that Crossroads's inability to manage defendant's medical condition rendered it an inappropriate treatment program for her. Accordingly, the court should have exercised its discretion to either place the defendant in an appropriate facility or permit her to withdraw her plea. Concur—Saxe, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.