■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE CAMBRIDGE, Appellant. [44 NYS3d 96]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J., at plea; Kron, J., at sentence), rendered March 31, 2014, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On December 3, 2012, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree, a class B felony, and other crimes. The plea was entered in exchange for a promise that, upon completion of a Treatment Alternatives for Safer Communities (hereinafter TASC) program, the defendant would be sentenced to "no jail [time]." Otherwise, he would be incarcerated for one year followed by one year of postrelease supervision.

The defendant absconded and did not complete the TASC program. After he was returned to the Supreme Court, the defendant moved, in effect, to modify the terms of his 2012 plea agreement so as to condition his avoidance of imprisonment on completion of a different program, a Mental Illness and Controlled-Substance Abuse (hereinafter MICA) program. The court denied the motion and imposed the promised sentence of one year imprisonment followed by one year of postrelease supervision.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. Among other things, the Supreme Court's brief oral colloquy suggested that the scope of the waiver applied only to issues concerning the legality or excessiveness of the sentence, but not the conviction itself (*see People v Maracle*, 19 NY3d 925 [2012]; *see generally People v Brown*, 122 AD3d 133 [2014]). Further, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that

the court never ascertained on the record whether the defendant read the written waiver form, discussed it with counsel, or was even aware of its contents (*see People v Iovino*, 142 AD3d 561, 561-562 [2016]; *People v Pacheco*, 138 AD3d 1035, 1036 [2016]; *People v Brown*, 122 AD3d at 145). Under the circumstances of this case, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Pacheco*, 138 AD3d at 1036; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]).

Nevertheless, the defendant's contentions on appeal are without merit. The defendant argues that a TASC program was unsuitable for him and that he was unable to complete the TASC program because of a medical condition. He further argues that, after he violated the conditional plea by absconding and getting arrested twice, the Supreme Court should have placed him in the appropriate program rather than sentence him to one year imprisonment as promised. Since he already served his one-year term of imprisonment, the defendant argues that the proper remedy on appeal is a reduction of his felony conviction to a misdemeanor, or vacatur of his felony conviction, and a sentence of time served.

Other than conclusory assertions made by defense counsel, there is no evidence that the TASC program was inappropriate treatment for the defendant (*cf. People v Feliciano*, 14 AD3d 308, 310 [2005]) or that the defendant was unable to complete the TASC program because of a medical condition (*cf. People v Jimenez*, 307 AD2d 880, 881 [2003]). A psychologist's report submitted by the defendant, which contained a conclusory assertion that the defendant "would quite likely benefit from MICA treatment," was insufficient to establish that completion of a TASC program was a goal that was beyond the defendant's capacity to achieve.

In any event, even if the record showed that the defendant stood a better chance of completing a MICA program, as opposed to a TASC program, such circumstance would not warrant the relief requested by the defendant on this appeal, that is, to reduce his felony conviction to a misdemeanor, or to vacate his felony conviction and sentence him to time served (*see* CPL 470.55 [2]; 220.60 [3]; *People v Conceicao*, 26 NY3d 375, 379, 385 n [2015]; *cf. People v Feliciano*, 14 AD3d 308 [2005]; *People v Jimenez*, 307 AD2d 880 [2003]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.