Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed July 10, 2014, upon his plea of guilty, on the ground that the sentence was excessive.
 

 Ordered that the sentence is affirmed.
 

 Contrary to the People’s contention, the defendant’s purported waiver of his right to appeal was invalid. The Supreme Court’s statements at the plea allocution improperly suggested that the right to appeal is automatically extinguished upon entry of a plea of guilty, and there is no other indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty (see People v Moyett, 7 NY3d 892, 892-893 [2006]; People v Billingslea, 6 NY3d 248, 257 [2006]). Furthermore, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its content (see People v Bradshaw, 18 NY3d 257, 267 [2011]; People v Santeramo, 153 AD3d 1286 [2017]; People v Cambridge, 145 AD3d 795, 795-796 [2016]). Under these circumstances, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Lopez, 6 NY3d 248, 256-257 [2006]; see also People v Santeramo, 153 AD3d at 1287).
 

 Nevertheless, contrary to the defendant’s contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Eng, P.J., Balkin, Hall, Duffy and Brathwaite Nelson, JJ., concur.