People v Pierre (2018 NY Slip Op 07152)





People v Pierre


2018 NY Slip Op 07152


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-02461
2016-10456
 (Ind. No. 2669/14)

[*1]The People of the State of New York, respondent,
v
Rodney Pierre, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talott of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Barry Kron, J.), both imposed October 27, 2015, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Billups, 156 AD3d 897). The Supreme Court's statements at the plea allocution improperly suggested that the right to appeal is automatically extinguished upon the entry of a plea of guilty, and there is no other indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty (see People v Moyett, 7 NY3d 892, 892-893; People v Lopez, 6 NY3d 248, 257). Furthermore, although the record reflects that the defendant executed written appeal waiver forms, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the waivers or discussed them with defense counsel, or whether he was even aware of their contents (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d 1286; People v Cambridge, 145 AD3d 795, 795-796). Under these circumstances, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Lopez, 6 NY3d at 256-257; People v Santeramo, 153 AD3d at 1287).
Nevertheless, contrary to the defendant's contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court