People v Pinchback (2019 NY Slip Op 04416)





People v Pinchback


2019 NY Slip Op 04416


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12743

[*1]The People of the State of New York, respondent,
v
Jamal Pinchback, appellant. (S.C.I. No. 10221/17)


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne Melendez, J.), imposed October 19, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid, as the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Fernandez, 167 AD3d 1038; People v Johnson, 165 AD3d 702; People v Glover, 164 AD3d 1259; People v Cardiello, 164 AD3d 1254). Moreover, the Supreme Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790). Further, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had read the written waiver or whether he was even aware of its contents (see People v Bradshaw, 18 NY3d 257, 267; People v Santeramo, 153 AD3d 1286; People v Cambridge, 145 AD3d 795, 795-796). Accordingly, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal, and thus, the waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Dixon, 163 AD3d 988, 989; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court