People v Olivieri (2023 NY Slip Op 00166)

People v Olivieri

2023 NY Slip Op 00166

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Ind. No. 3922/13, 4935/14 Appeal No. 17072-17072A Case No. 2015-2524 

[*1]The People of the State of New York, Respondent,
v
Jorge Olivieri, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Simon Greenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.

Judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered February 9, 2015, convicting defendant, upon his pleas of guilty, of stalking in the third degree and bail jumping in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the provision of the order of protection that directed that it remain in effect until February of 2026 and remanding the matter for a new determination of the duration of the order, and otherwise affirmed.
Defendant did not preserve his claim that his indictment on bail jumping charges constituted vindictive prosecution intended to improperly penalize him for moving to withdraw his original guilty plea and dismiss the charges against him, and we decline to review it in the interest of justice (see People v Giordano, 87 NY2d 441, 452 [1995]; People v Campbell, 145 AD3d 435 [1st Dept 2016], lv denied 29 NY3d 947 [2017]). Although defendant personally made some remarks about the bail jumping charges, he did not request any ruling or relief. Moreover, defendant's attorney did not adopt these remarks, and defendant had no right to hybrid representation (see People v Rodriguez, 95 NY2d 497, 501-503 [2000]).
As an alternative holding, we do not find any vindictive prosecution. After making his motion for plea withdrawal and dismissal, defendant failed to appear and committed the additional crime of bail jumping. Following defendant's return on a warrant, the prosecutor permissibly attempted to negotiate a disposition by offering to refrain from presenting bail jumping charges to the grand jury in exchange for defendant withdrawing his motion (see Bordenkircher v Hayes, 434 US 357, 363 [1978]). After defendant declined, the People responded to his motion and charged him with second-degree bail jumping based on probable cause to believe he had committed that crime. There is no basis for applying the presumption of vindictiveness, and nothing in the record suggests that the prosecutor intended to punish defendant for rejecting the offer and refusing to withdraw his motion (see Alabama v Smith, 490 US 794, 799-800 [1989]; United States v Goodwin, 457 US 368, 373-75 [1982]).
As the People concede, the expiration date of the order of protection arising from the stalking conviction is incorrect because it exceeds the maximum statutory duration and did not account for the jail time credit to which defendant is entitled. Accordingly,
we remand for a determination of the correct expiration date (see People v Grant-Byas, 201 AD3d 479, 481 [1st Dept 2022], lv denied 38 NY3d 950 [2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023