People v Cruz (2023 NY Slip Op 05695)

People v Cruz

2023 NY Slip Op 05695

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Ind. No. 1248/17 Appeal No. 1001 Case No. 2019-895 

[*1]The People of the State of New York, Respondent,
v
Carlos Cruz, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered November 13, 2018, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reducing the conviction to criminal possession of a controlled substance in the seventh degree and reducing the sentence to time served, and otherwise affirmed.
Although defendant's waiver of his right to appeal was valid, defendant's claim that the court improperly imposed an enhanced sentence based on postplea conduct survives his waiver of the right to appeal (see People v Turner, 158 AD3d 892, 893 [3d Dept 2018]; People v Lodge, 54 AD3d 875, 876 [2d Dept 2008]; People v Baxter, 302 AD2d 950, 951 [4th Dept 2003], lv denied 99 NY2d 652 [2003]).
"It is implicit to a promise of drug treatment as an alternative to imprisonment that the defendant will have access to a facility suited to provide him or her with a reasonable opportunity to deal with the addiction and to satisfactorily complete a program designed to that end" (People v Rodriguez, 289 AD2d 513, 513 [2d Dept 2001]). Thus, where a defendant has promised to complete a drug treatment program as an alternative to prison, the defendant is entitled to be placed in a suitable program or be provided an opportunity to withdraw the plea (see People v Feliciano, 14 AD3d 308, 309-310 [1st Dept 2005]; People v Jimenez, 307 AD2d 880, 881 [1st Dept 2003]). Here, defendant was afforded neither before sentencing. Under the circumstances, and because defendant has already completed his sentence, defendant is entitled to the benefit of the original promise of a class A misdemeanor and to a sentence of time served.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023