People v Rosen
2026 NY Slip Op 03766
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Heather Rosen, Defendant-Appellant.

Decided and Entered: June 16, 2026
Ind. No. 3294/17, 0394/18, 0560/19|Appeal No. 6903|Case No. 2019-04657|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Melissa C. Jackson, J. on motions; Patricia Nunez, J. at first plea; Guy Mitchell, J. at second plea and sentencing), rendered June 13, 2019, convicting defendant, upon her pleas of guilty, of grand larceny in the fourth degree under indictment No. 3294/17, burglary in the third degree under indictment No. 394/18, and two counts of burglary in the third degree under indictment No. 560/19, and sentencing her to concurrent one-year jail terms on the grand larceny count and the third-degree burglary count under indictment Nos. 3294/17 and 394/18, to run consecutively with concurrent one-year jail terms on the two burglary counts under indictment No. 560/19, unanimously affirmed.
In light of the circumstances as a whole, including the abbreviated and somewhat ambiguous appeal waiver colloquy and the absence of any reference to the undated written waiver of the right to appeal, defendant did not validly waive her right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). However, we find her substantive arguments to be unavailing.
Defendant's argument that the court improvidently denied her application for judicial diversion by placement in a residential drug treatment program in the community for the third time in this case is unpreserved, and we decline to review it in the interest of justice (see People v Olivieri, 212 AD3d 469, 470 [1st Dept 2023], lv denied 39 NY3d 1143 [2023]). As an alternative holding, the court providently denied the application based on the numerous factors counseling against such a placement, in particular defendant's safety and well-being (cf. People v Feliciano, 14 AD3d 308, 309 [1st Dept 2005]; People v Jimenez, 307 AD2d 880, 881 [1st Dept 2003]).
The court properly denied defendant's requests for state action hearings where defendant had adequate access to information to support a subpoena for the records of the store employees involved and to engage in other investigation regarding their status (see People v Moore, 209 AD3d 446 [1st Dept 2022], lv denied 39 NY3d 987 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026