■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO AYALA, Appellant. [975 NYS2d 889]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed August 17, 2010, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

"When a trial court characterizes an appeal as one of the many rights automatically extinguished upon entry of a guilty plea," a waiver of the right to appeal is invalid (*People v Lopez*, 6 NY3d 248, 256 [2006]). In the instant case, although the right to appeal was discussed separately from the other rights the defendant was forfeiting by pleading guilty, the question "you're going to have to waive your right to appeal both the plea and the sentence. Do you understand that?" was insufficient to insure that the defendant grasped the distinction between rights automatically forfeited upon a plea of guilty, and the waiver of the right to appeal, especially in view of the fact that there is no written waiver in the record (*see People v Norfort*, 101 AD3d 756 [2012]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Jefferson*, 104 AD3d 875 [2013]). Accordingly, the defendant's purported waiver of his right to appeal was invalid, and does not preclude review of his excessive sentence claim.

However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Roman, Cohen and Hinds-Radix, JJ., concur.