■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERRARD PRESSLEY, Appellant. [983 NYS2d 322]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed May 23, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of the right to appeal was invalid. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Callahan*, 80 NY2d 273, 280 [1992]). " 'Though a trial court need not engage in any particular litany' or catechism in satisfying itself that a defendant had entered a knowing, intelligent and voluntary appeal waiver, a trial court 'must. make certain that a defendant's understanding' of the waiver . . . is evident on the face of the record" (*People v Bradshaw*, 18 NY3d at 265, quoting *People v Lopez*, 6 NY3d at 256; *see People v Callahan*, 80 NY2d at 280). Further, it must be made clear to the defendant that an appeal waiver " 'is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Bradshaw*, 18 NY3d at 264, quoting *People v Lopez*, 6 NY3d at 256). "A detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, but a written waiver 'does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal as a condition of the plea agreement' " (*People v Keiser*, 100 AD3d 927, 928 [2012], quoting *People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257 [2011]; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Crawford*, 110 AD3d 916 [2013], *lv denied* 22 NY3d 1040 [2013]; *People v Vasquez*, 101 AD3d 1054 [2012]).

Here, although the defendant executed a written waiver of his right to appeal, the defendant's understanding of the appeal waiver is not evident on the face of the record due to the deficiency of the oral colloquy conducted by the Supreme Court in light of the absence of any mention of the waiver during the discussion of the terms of the plea. After the plea agreement had been reached, the court told the defendant that "[b]efore I accept your plea, you need to sign a waiver of your right to appeal." First, the court's "terse colloquy [which included this mandatory-sounding language] at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal" (*People v Salgado*, 111 AD3d 859, 859 [2013]; *People v*

*Nugent*, 109 AD3d 625, 625 [2013]). Second, the court suggested that the right to appeal is automatically forfeited upon pleading guilty when it advised the defendant that the written appeal waiver "tells me you understand the rights you have waived by pleading guilty" (*see People v Lopez*, 6 NY3d at 256-257). Accordingly, under these circumstances, including the defendant's relative inexperience with the criminal justice system (*see People v Bradshaw*, 18 NY3d at 264-265), the defendant's appeal waiver was invalid (*see People v Lopez*, 6 NY3d at 256-257; *People v Ayala*, 112 AD3d 646 [2013]; *People v Pelaez*, 100 AD3d 803 [2012]; *see also People v Salgado*, 111 AD3d 859 [2013]; *People v Nugent*, 109 AD3d at 625-626), and does not preclude review of his excessive sentence claim.

However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal and Roman, JJ., concur.