THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REYES, Appellant. [982 NYS2d 907]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Lasak, J.), imposed May 23, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Callahan*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Calvi*, 89 NY2d 868, 871 [1996]). A valid appellate waiver occurs when a defendant has "a full appreciation of the consequences" of the waiver (*People v Seaberg*, 74 NY2d 1, 11 [1989]). In determining such appreciation, the trial court should " 'assess all of the relevant factors' 'surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused' " (*People v Bradshaw*, 18 NY3d at 264-265, quoting *Callahan*, 80 NY2d at 280, and *People v Seaberg*, 74 NY2d at 11 [citation omitted]). Moreover, "a written waiver 'is not a complete substitute for an on-the-record

explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right' " (*People v Crawford*, 110 AD3d 916, 916 [2013], *lv denied* 22 NY3d 1040 [2013], quoting *People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257 [2011]; *see People v Pelaez*, 100 AD3d 803, 804 [2012]).

Here, at the time of his plea, the defendant was 21 years old with no prior experience with the criminal justice system. Given these facts, the Supreme Court's perfunctory oral colloquy, which addressed only the defendant's execution of a written waiver of the right to appeal, did not ensure that he was knowingly, intelligently, and voluntarily waiving his right to appeal (*see People v Bradshaw*, 18 NY3d at 264-265).

However, under the circumstances of this case, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal and Sgroi, JJ., concur.