■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GUARCHAJ, Appellant. [996 NYS2d 372]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gubbay, J.), rendered April 19, 2013, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257 [2011]). The Supreme Court's statements at the plea allocution improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (*see People v Brown*, 122 AD3d 133 [2d Dept 2014]; *People v Ayala*, 112 AD3d 646 [2013]; *People v Pelaez*, 100 AD3d 803 [2012]; *People v Bradshaw*, 76 AD3d 566, 569-570 [2010], *affd* 18 NY3d 257 [2011]). Moreover, there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights that are forfeited incident to a plea of guilty (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Pelaez*, 100 AD3d at 803; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Remington*, 90 AD3d 678, 679 [2011]). Although the defendant did sign a written waiver of his right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Spanish language interpreter, before it was presented to him for signature (*see People v Pelaez*, 100 AD3d at 803). In any event, the court's terse colloquy at the plea allocution, which included the language suggesting that the waiver of the right to appeal was mandatory, failed to sufficiently advise the defendant of the nature of the right to appeal (*see People v Pressley*, 116 AD3d 794, 795-796 [2014]; *People v Salgado*, 111 AD3d 859 [2013]; *People v Nugent*, 109 AD3d 625 [2013]). Accordingly, under these circumstances, including the defendant's inexperience with the criminal justice system (*see People v Bradshaw*, 18 NY3d at 264-265), the defendant's appeal waiver was invalid (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Pressley*, 116 AD3d at 796; *People v Ayala*, 112 AD3d at 646; *People v Pelaez*, 100 AD3d at 803-804), and does not preclude review of his excessive sentence claim.

However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.