People v Hong Mo Lin (2018 NY Slip Op 05333)





People v Hong Mo Lin


2018 NY Slip Op 05333


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10959
 (Ind. No. 7621/14)

[*1]The People of the State of New York, respondent,
v
Hong Mo Lin, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Joseph Gubbay, J.), imposed September 28, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). Although the defendant signed a written waiver of his right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Fukienese language interpreter, before it was presented to him for signature (see People v Perez, 160 AD3d 901; People v Guarchaj, 122 AD3d 878, 879). The Supreme Court's terse colloquy failed to advise the defendant of the nature of the right to appeal, and suggested that waiving the right to appeal was mandatory, rather than a right that the defendant was being asked to voluntarily relinquish (see People v Santeramo, 153 AD3d 1286, 1286; People v Guarchaj, 122 AD3d at 879). There is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights that are forfeited incident to a plea of guilty (see People v Santeramo, 153 AD3d at 1286; People v Black, 144 AD3d 935, 935). Under these circumstances, and given the defendant's inexperience with the criminal justice system and his mental health history and background (see People v Bradshaw, 18 NY3d at 264-265; People v Conley, 150 AD3d 1023, 1023; cf. People v Sanders, 25 NY3d 337), the defendant's appeal waiver was invalid and does not preclude review of his excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court