People v Jack (2019 NY Slip Op 00144)





People v Jack


2019 NY Slip Op 00144


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09479
 (Ind. No. 9609/11)

[*1]The People of the State of New York, respondent,
v
Phillip Jack, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Frederick Ariaga, J.), imposed July 19, 2016, upon his plea of guilty (Joseph E. Gubbay, J.), on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the circumstances of this case, the defendant's purported waiver of his right to appeal was invalid and does not preclude review of his excessive sentence claim (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 255). The Supreme Court's terse colloquy failed to advise the defendant of the nature of the right to appeal, and there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights that are forfeited incident to a plea of guilty (see People v Hong Mo Lin, 163 AD3d 849, 849-850; People v Guarchaj, 122 AD3d 878, 879). Although the defendant signed a written waiver of his right to appeal, the court did not ascertain on the record whether he had read the waiver or was aware of its contents (see People v Bratton, 165 AD3d 693).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court