People v Torres (2019 NY Slip Op 00316)





People v Torres


2019 NY Slip Op 00316


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA CONNOLLY, JJ.


2015-11642

[*1]The People of the State of New York, respondent,
v
Pedro Torres, appellant. (S.C.I. No. 10362/14)


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Trail, and Roni C. Piplani of counsel; Dylan Evans on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed November 12, 2014, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). Although the defendant signed a written waiver of his right to appeal, the record does not demonstrate that he had a full appreciation of the consequences of the waiver (see People v Seaberg, 74 NY2d 1, 11; People v Reyes, 116 AD3d 798), as the Supreme Court's brief colloquy failed to sufficiently advise him of the nature of the right to appeal and the consequences of waiving it (see People v Guarchaj, 122 AD3d 878; People v Brown, 122 AD3d 133, 140). Additionally, there is no indication in the record that the defendant understood the distinction between the right to appeal and other rights that are automatically forfeited on a plea of guilty (see People v Bradshaw, 18 NY3d at 264; People v Hong Mo Lin, 163 AD3d 849). Under these circumstances, including the fact that the case was the defendant's first known contact with the criminal justice system (see People v Bradshaw, 18 NY3d at 264-265; People v Hong Mo Lin, 163 AD3d at 850), the defendant's appeal waiver was invalid and does not preclude review of his excessive sentence claim (see People v Lopez, 6 NY3d 248, 255; People v Ellis, 146 AD3d 806).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court