People v Anderson (2019 NY Slip Op 01610)





People v Anderson


2019 NY Slip Op 01610


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-02546
2017-02548

[*1]The People of the State of New York, respondent,
v
Daniel Anderson, appellant. (Ind. Nos. 2721/16, 9985/16)


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Ruby D. Andrade on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Cassandra Mullen, J.), both rendered February 8, 2017, convicting him of criminal possession of a firearm under Indictment No. 2721/16, and attempted criminal possession of a weapon in the second degree under Indictment No. 9985/16, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgment rendered under Indictment No. 2721/16 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that the judgment rendered under Indictment No. 9985/16 is affirmed.
The defendant pleaded guilty under Kings County Indictment No. 2721/16 to criminal possession of a firearm for acts he committed when he was 18 years old. The defendant pleaded guilty under Kings County Indictment No. 9985/16 to attempted criminal possession of a weapon in the second degree for acts he committed when he was 19 years old. The Supreme Court sentenced the defendant under both indictments on February 8, 2017. The defendant appeals from both judgments.
"CPL 720.20(1) provides, in relevant part, that upon the conviction of an eligible youth, at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender'" (People v Hall, 160 AD3d 896, 896, quoting CPL 720.20[1]). "Compliance with this statutory mandate requires that the sentencing court actually consider and make a determination of whether an eligible youth is entitled to youthful offender treatment, even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request'" (People v Hall, 160 AD3d at 896-897, quoting People v Rudolph, 21 NY3d 497, 499). Here, as the People correctly concede, the defendant "was a youth eligible to be found a youthful offender" with respect to his conviction of criminal possession of a firearm, "and the record does not demonstrate that the Supreme Court considered and determined whether the defendant should be afforded youthful offender status" (People v Hall, 160 AD3d at [*2]897). "Where, as here, the sentencing court failed to comply with CPL 720.20, this Court must vacate the sentence and remit the matter to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender" (People v Thomas, 157 AD3d 723, 724-725). Contrary to the People's contention, holding the appeal in abeyance pending a youthful offender determination is not appropriate in this case, as the defendant has not yet completed his sentence and there is no issue on appeal that we do not decide herein (see id. at 725).
The defendant contends that the Supreme Court lacked the authority to issue an order of protection at the time of sentencing, as the individual named in the order of protection was not a victim, victim's relative or household member, or witness as defined by CPL 530.13(4). However, the defendant failed to preserve this argument for appellate review (see CPL 470.05[2]; People v May, 138 AD3d 1146, 1147), and we decline to review it in the exercise of our interest of justice jurisdiction since the defendant agreed to the issuance of an order of protection as part of his plea agreement (see People v Smith, 83 AD3d 1213, 1214).
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Daniels, 160 AD3d 979, 980; People v Pressley, 116 AD3d 794, 795-796). An appeal waiver is made knowingly, intelligently, and voluntarily where "a defendant has a full appreciation of the consequences of such waiver" (People v Brown, 122 AD3d 133, 136 [internal quotation marks omitted]).
Here, the People correctly concede that the record does not demonstrate that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d at 256). In light of the defendant's age, ninth grade education, and lack of experience with the criminal justice system, the Supreme Court's cursory colloquy regarding the appeal waiver was insufficient (see e.g. People v Fuller, 163 AD3d 715, 715). The court twice improperly suggested that the appeal waiver was mandatory, failed to explain the defendant's right to appeal and the consequences of waiving that right, and did not ensure that the defendant understood that his right to appeal was separate from the rights that he would automatically forfeit upon pleading guilty (see People v Lopez, 6 NY3d at 256; People v Daniels, 160 AD3d at 980; People v Brown, 122 AD3d at 141-142). Although the defendant was represented by counsel, his attorney "did not participate during the proceedings other than to acknowledge to the court that he was the defendant's attorney, and counsel did not sign the defendant's written appeal waiver form[s]" (People v Latham, 162 AD3d 1068, 1070). Nor did the fact that the court asked the defendant if his attorney had spoken to him about the appeal waiver demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, as it is not "sufficient for the trial court to defer to the defendant's off-the-record conversations with defense counsel by merely confirming with defense counsel that he or she has discussed the waiver of the right to appeal with the defendant" (People v Brown, 122 AD3d at 141). Finally, "although the record on appeal reflects that the defendant signed the written appeal waiver form[s], a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Latham, 162 AD3d at 1070 [internal quotation marks omitted]). Thus, the appeal waiver does not preclude review of the defendant's claim that his sentence under Indictment No. 9985/16 was excessive. However, the sentence imposed under that indictment was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court