People v Pelige (2019 NY Slip Op 04204)





People v Pelige


2019 NY Slip Op 04204


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03758
 (Ind. No. 4108/15)

[*1]The People of the State of New York, respondent,
v
Upali Pelige, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed March 15, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; see also People v Jones, 158 AD3d 775; People v Policastro, 142 AD3d 679). Given the defendant's inexperience with the criminal justice system, the Supreme Court's terse colloquy at the plea allocution was insufficient to advise the defendant of the nature of the right to appeal (see People v Bradshaw, 18 NY3d at 264-265; People v Guarchaj, 122 AD3d 878, 879). There is no indication in the record that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Moyett, 7 NY3d 892, 892-893; People v Guarchaj, 122 AD3d at 879; People v Pelaez, 100 AD3d 803, 803). Although the defendant signed a written waiver of the right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Sinhala interpreter, before it was presented to him for signature (see People v Perez, 160 AD3d 901, 901; People v Guarchaj, 122 AD3d at 879). Accordingly, the defendant's purported waiver of his right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim.
In People v Farrar (52 NY2d 302, 305), the Court of Appeals rejected "the proposition that the court, by its purported commitment to the prosecutor at the time of the plea, can be bound to impose a particular sentence." The Court of Appels recognized that "the sentencing decision is a matter committed to the exercise of the court's discretion and that it can be made only after careful consideration of all facts available at the time of sentencing" (id. at 305). Further, "the court cannot be deemed to have finally exercised its discretion at the time that the plea, with the proposed sentence, is accepted. While the court legitimately may indicate that a proposed sentence is fair and acceptable, the necessary exercise of discretion cannot be fixed immutably at the time of [*2]the plea, for the decision requires information that may be unavailable then" (id. at 306). "Thus, a sentence negotiated prior to the plea, and in most cases prior to receipt of a presentence report, does not automatically become the sentence of the court" (id.). The determination of an appropriate sentence requires the court to exercise its discretion "after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (id. at 305; see People v McConnell, 49 NY2d 340, 346).
Prior to the plea proceeding, the defendant had been found to be unfit to proceed after examination pursuant to CPL article 730. The defendant was diagnosed with a schizophrenia-related disorder by two psychologists and admitted to Mid-Hudson Forensic Psychiatric Center for treatment. After undergoing treatment, the defendant was found to be fit to proceed.
On this appeal, it is undisputed that the defendant agreed to plead guilty to attempted murder in the second degree in exchange for a promised sentence of 15 years of imprisonment, to be followed by 5 years of postrelease supervision. Even so, this Court cannot ignore that the Supreme Court's allocution of the plea did not mention any sentence promise to the defendant. The first mention on the record of a promised sentence occured at the time of sentencing. Moreover, the court did not inquire about the defendant's mental status at the time of the plea or sentence.
Most troubling, however, is that in preparing the presentence investigation report for the Supreme Court in advance of sentencing, the Department of Probation did not interview the defendant because it was "unable to secure an interpreter" on two scheduled dates for an interview. Thus, the presentence investigation report does not contain any information regarding the defendant's mental status, educational background, employment history, or military background. The report indicates that the defendant's physiological health was "unknown," and that his psychological condition was "unavailable." Even though the Department of Probation did not interview the defendant, the report indicates that the defendant "reported no use of controlled substances and/or alcohol."
Under the circumstances here, the information contained in the record of the plea proceeding, the sentencing proceeding, and the presentence investigation report was insufficient for a sentencing court to exercise discretion in determining an appropriate sentence. Given the lack of information about the particular circumstances of the defendant (see People v Farrar, 52 NY2d at 305), especially his psychiatric history, current psychological condition, treatment, and prognosis, this Court does not have sufficient information to consider the defendant's request to reduce the sentence (see People v Delgado, 80 NY2d 780, 783; see also CPL 470.15[6][b]; People v Thompson, 60 NY2d 513, 519; People v Kordish, 140 AD3d 981).
Accordingly, the sentence must be reversed and the matter remitted to the Supreme Court, Kings County, for resentencing following the submission of a new presentence investigation report which shall include an interview with the defendant for which an interpreter is provided (see People v Robinson, 178 AD2d 443; People v Goolsby, 153 AD2d 759; People v Rice, 125 AD2d 611).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court