People v Guang Chen (2019 NY Slip Op 07600)





People v Guang Chen


2019 NY Slip Op 07600


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-06221
 (Ind. No. 1616/17)

[*1]The People of the State of New York, respondent,
v
Guang Chen, appellant.


Paul Skip Laisure, New York, NY (Sarah Vendzules of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Steven W. Paynter, J.), imposed March 22, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 145). The Supreme Court failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d at 142). Additionally, the court's statements at the plea allocution implied that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (see People v Pressley, 116 AD3d 794, 796; People v Pelaez, 100 AD3d 803, 803) or a condition of the plea agreement.
Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim (see People v Johnson, 157 AD3d 964, 965). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court