People v Artis (2019 NY Slip Op 08202)





People v Artis


2019 NY Slip Op 08202


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-13156
 (Ind. No. 3823/17)

[*1]The People of the State of New York, respondent,
v
Naquan Artis, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William Miller, J.), imposed November 20, 2017, upon his plea of guilty, on the ground that the period of postrelease supervision imposed as part of his sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Brown, 122 AD3d 133, 145; People v Bradshaw, 76 AD3d 566, 570, affd 18 NY3d 257). The Supreme Court conflated the right to appeal with the rights automatically forfeited by a plea of guilty (see People v Ortiz, 167 AD3d 658, 658). Moreover, the court failed to discuss the purported waiver with the defendant before the plea agreement had been reached (see People v Pressley, 116 AD3d 794, 795). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim (see People v Johnson, 157 AD3d 964, 965).
However, the period of postrelease supervision imposed as part of the defendant's sentence was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court