People v Mojica (2019 NY Slip Op 08868)





People v Mojica


2019 NY Slip Op 08868


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12103

[*1]The People of the State of New York, respondent,
v
Raul Mojica, appellant. (S.C.I. No. 6060/17)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Marguerite Dougherty, J.), imposed August 21, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). At the plea allocution, the Supreme Court failed to advise the defendant that he would ordinarily retain the right to appeal even after pleading guilty, but that in this case he was being asked to voluntarily relinquish that right as a condition of the plea agreement (see People v Alston, 163 AD3d 843, 844; cf. People v Brown, 122 AD3d 133, 144). Moreover, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286; People v Guarchaj, 122 AD3d 878, 879).
Although the record on appeal reflects that the defendant signed a written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Brown, 122 AD3d at 138-139). While the written waiver in this case "expressly provided that the [Supreme] [C]ourt had informed the defendant about the nature of his right to appeal, that representation is contradicted by the oral colloquy," which suggested that the waiver of the right to appeal was mandatory (People v Brown, 122 AD3d at 145). Moreover, although the defendant stated on the record that he discussed the waiver with counsel, the court did not ascertain whether the defendant read the written waiver or was aware of its contents (see People v Himonitis, 174 AD3d 738, 738; People v Brown, 122 AD3d at 145). Under the circumstances, the defendant's purported waiver of his right to appeal does not preclude appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255; People v Brown, 122 AD3d 133).
Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court