People v Lora (2025 NY Slip Op 01390)

People v Lora

2025 NY Slip Op 01390

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-10019
 (Ind. No. 621/21)

[*1]The People of the State of New York, respondent,
v
Miguelina Lora, appellant.

Twyla Carter, New York, NY (Laura Boyd of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Lucy E. Pannes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gary F. Miret, J.), rendered October 25, 2022, convicting her of aggravated driving while intoxicated, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that she knowingly, voluntarily, and intelligently waived her right to appeal (see People v Sanders, 25 NY3d 337, 340-342; cf. People v Sutton, 184 AD3d 236, 245; People v Pressley, 116 AD3d 794, 795). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248; People v Morrow, 198 AD3d 922, 923).
The defendant's contention that the Supreme Court improperly imposed a condition of probation that she consent to warrantless searches of her person, place of abode, or vehicle under her control by a probation officer is without merit. The defendant, who operated a motor vehicle with a blood alcohol content of approximately .279%, was convicted of aggravated driving while intoxicated. Under the circumstances, the consent to search condition of probation was properly imposed as it was individually tailored in relation to the offense and was, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law-abiding life (see Penal Law § 65.10[1]; People v Hale, 93 NY2d 454, 461-462; People v Mendoza, 231 AD3d 1170, 1170).
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court